UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY MOTLEY,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**UNITED PARCEL SERVICE, INC.,**<br><br>　　　　　Defendant. | 2:24-CV-10586-TGB-CI<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**(ECF NO. 9)** |

Plaintiff Larry Motley, proceeding pro se, brings this action against his former employer, Defendant United Parcel Service, Inc. ("UPS"), alleging UPS misrepresented the terms of his employment by failing to inform him he would be a temporary employee during UPS's "Peak" holiday season and not a permanent employee. ECF No. 1. UPS moves to dismiss Motley's Complaint under Federal Rule of Civil Procedure 12(c). ECF No. 9. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument.

For the reasons below, the Court **GRANTS** Defendant UPS's Motion for Judgment on the Pleadings.

## I.　　BACKGROUND

Motley began his employment with UPS on October 18, 2022 as a Sunrise/Preload PRELOADER. Compl. ¶¶ 6–7, ECF No. 1-1, PageID.16. Motley believed he would be offered permanent employment. *Id.* He worked for approximately three months and then he and others hired at

1

the same time he was were placed "on call" due to a reduced package volume after the holiday. *Id.* ¶¶ 8, 12. Motley periodically called UPS during the summer months in an attempt to secure permanent employment but was unable to connect with anyone until November 2023. *Id.* ¶ 13. During the November phone call, Motley was informed that he had been hired as a seasonal employee and that if he wished to work for UPS again he would need to reapply. *Id.*

On December 15, 2023, Motley, proceeding pro se, filed a complaint against UPS in the 16th District Court of Michigan, Case No. 23-1989, alleging UPS intentionally misrepresented the terms and conditions of his employment by failing to inform him he would be a temporary or seasonal employee. ECF No. 1-1 ("Motley I").

On March 7, 2024, Defendant UPS removed this Complaint to this Court based on diversity of citizenship and that Motley's state law claim is preempted by federal law. ECF No. 1. The next day, March 8, 2024, Motley filed an identical complaint in the Eastern District of Michigan, Case No. 24-10600 ("Motley II"). On May 1, 2024, the Court consolidated Motley II with this case and designated this case as the lead case with all filings to be docketed in this case. ECF Nos. 3, 4.

On September 26, 2024, Defendant UPS filed the instant Motion for Judgment on the Pleadings. ECF No. 9.[1] UPS argues that (1) Motley's claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), (2) his claim amounts to an allegation that UPS bypassed the Collective Bargaining Agreement ("CBA") and engaged in direct dealing, which may only be adjudicated by the National Labor Relations Board ("NLRB"), and (3) his Complaint fails to state a plausible claim of fraudulent misrepresentation.

Motley did not respond to UPS's motion. Accordingly, on November 22, 2024, the Court entered an Order to Show Cause why this case should not be dismissed for his failure to respond to UPS's motion and for failure to prosecute under Fed. R. Civ. P. 41(b). ECF No. 12. Motley was ordered to respond and show cause within fourteen days of the Order, and he was expressly warned that "**Failure to timely or adequately respond to this Order will result in dismissal of this action with prejudice.**" *Id.* (emphasis in original).

Motley has failed to respond to the Court's Show Cause Order and the time for doing so has passed.

---

[1] UPS had previously filed a nearly identical Motion for Judgment on the Pleadings on September 19, 2024. ECF No. 8. That motion was withdrawn on December 5, 2024. ECF No. 13.

3

## II. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same."). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). The Rule 12(c) proponent must be "clearly entitled to judgment," such that the opposing party cannot present any legally cognizable set of facts that would support its position. *Jackson v. Professional Radiology Inc.*, 864 F.3d 463, 467 (6th Cir. 2017).

## III. DISCUSSION

### A. Defendant's Motion is Unopposed

Motley failed to respond to Defendant UPS's Motion for Judgment on the Pleadings and then also failed to respond to the Court's Show Cause Order. Therefore, UPS's Motion is unopposed. *See* E.D. Mich. Local Rule 7.1(e)(2)(A) (giving a party 21 days to respond to a motion for judgment on the pleadings under Rule 12(c)). A motion to dismiss that is

4

unopposed may be granted on that basis alone. *See Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (noting that where a "plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived"); *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (affirming the district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

Because Motley has failed to respond to or otherwise oppose UPS's Motion for Judgment on the Pleadings, UPS's motion will be **GRANTED.**

Nevertheless, the Court will consider the merits of Plaintiff's Complaint and the motion to dismiss.

**B. Motley's Claim is Preempted by Section 301 of the LMRA**

During Motley's employment with UPS, he and other UPS employees were represented by the International Brotherhood of Teamsters, Local 243. As a bargaining unit employee, Motley's terms and conditions of employment were governed by UPS's Collective Bargaining Agreement ("CBA"). ECF No. 9-1. The CBA covers all non-supervisory and non-managerial positions at UPS hubs and package centers and applies to drivers, sorters, loaders, and many other workers at UPS hubs and package centers in all 50 states, including "Peak" or seasonal

5

employees. *Id.* PageID.129, 322. The CBA governed everything from changes in compensation to leaves of absence, terminations, paid time off, seniority, and hiring practices. *See* ECF No. 9-1.

When a cause of action relies upon or is intertwined with the terms of a collective bargaining agreement, that claim is preempted by Section 301 of the LMRA. *DeCoe v. General Motors Corp.*, 32 F.3d 212, 215–16 (6th Cir. 1994). The Sixth Circuit Court of Appeals has laid out a two-step test for determining whether a tort claim is intertwined with a collective bargaining agreement:

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.

*Id.* at 216 (internal and end citations omitted). When making this determination, the Court "is not bound by the 'well-pleaded complaint' rule, but rather looks to the essence of the plaintiff's claims." *Id.*

UPS contends that Motley's claim easily satisfies either prong of the Sixth Circuit's test in favor of preemption. ECF No. 9. The Court agrees. First, Motley is claiming that UPS misrepresented the terms and conditions of his employment when he was hired, and thus the Court would necessarily be required to engage in interpretation of the CBA to

6

determine whether UPS provided him with false information about the terms and conditions of his employment and whether he was entitled to full-time employment. Second, Motley's claimed rights to full-time employment and seniority were created by the UPS CBA. Thus, his claim alleging a misrepresentation of the terms and conditions of his employment with UPS is clearly preempted by Section 301 of the LMRA and must be dismissed. *See DeCoe*, 32 F.3d at 216.

UPS further maintains that Motley fails to assert a claim for a hybrid Section 301 claim because this claim is only available to a plaintiff who has pursued a grievance and also exhausted any grievance or arbitration procedures available through the CBA. *See Robinson v. V&S Detroit Galvanizing, LLC*, 195 F. Supp. 3d 916, 924 (E.D. Mich. 2016) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983)). A hybrid § 301 action "comprises two causes of action." *DelCostello*, 462 U.S. at 164. The first is a suit against the employer for breach of the collective bargaining agreement; the second is a suit against the union for breach of its duty of fair representation. *Id.* Although "[t]he employee may ... sue one defendant and not the other .... the case he must prove is the same whether he sues one, the other, or both." *Id.* at 165. In other words, to prevail on a hybrid § 301 claim, a plaintiff must show *both* that the employer breached the collective bargaining agreement, *and* that the union breached its duty of fair representation. If Plaintiff fails to demonstrate either of these elements, his hybrid § 301 claim must fail.

7

*Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71 (1976). Further, such a claim is subject to the six-month statute of limitations contained in the NLRA, 29 U.S.C. § 160(b). *DelCostello*, 462 U.S. at 172.

As UPS correctly states, Motley's Complaint is devoid of any reference to filing a grievance, which bars him from bringing a hybrid Section 301 claim. And, because a such a claim began to run, at the latest, on January 15, 2023 when Motley was notified that he was being placed "on call," the six-month limitations period for this claim expired on July 15, 2023, long before Motley filed his Complaint on December 15, 2023.

Accordingly, Motley's Complaint fails to state a hybrid Section 301 claim and his asserted claim is preempted by Section 301 of the LMRA and must be dismissed.

### C. The NLRB Holds Exclusive Jurisdiction over Federal Labor Disputes

In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), the Supreme Court held that federal courts must defer to the NLRB and its exclusive jurisdiction over any activity that is arguably subject to the NLRA. *Id.* at 245. This is known as *Garmon* preemption. Section 8(a)(5) of the NLRA requires employers to bargain in good faith exclusively with the bargaining agent on "mandatory subjects of bargaining," such as wages, hours, and other terms and conditions of employment. 29 U.S.C. §§ 158(5), 159(a); *see Local Union No. 189 v. Jewel Tea Co.*, 381 U.S. 676, 685 (1965). "[I]t is a violation of the essential

8

principle of collective bargaining and an infringement of the Act for the employer to disregard the bargaining representative by negotiating with individual employees … with respect to wages, hours and working conditions." *Medo Photo Supply Corp. v. NLRB*, 321 U.S. 678, 684 (1944); *see also Dayton Newspapers, Inc. v. NLRB*, 402 F.3d 651, 661 (6th Cir. 2005) ("[E]mployers may not go directly to employees, who have not repudiated their union, and bargain with them on matters covered by the collective bargaining agreement."). An employer commits the unfair labor practice of direct dealing if it unilaterally effects a change in the existing terms or conditions of employment without giving the union representatives advance notice and an opportunity to bargain. *U.S. Ecology Corp. v. NLRB*, 26 F. App'x 435, 439 (6th Cir. 2001) (citing *Litton Fin. Printing v. NLRB*, 501 U.S. 190, 198 (1991)).

Here, to the extent Motley alleges that UPS intentionally misrepresented the terms and conditions of his employment, including that he would be hired permanently and accrue seniority, he is alleging that UPS attempted to create new employments terms not bargained for in the CBA. This allegation would constitute direct dealing, a violation of the NLRA which must be adjudicated by the NLRB. *See Serrano v. Jones & Laughlin Steel Co.*, 790 F.2d 1279, 1286 (6th Cir. 1986) (stating the court must apply *Garmon* preemption when the claims raised "strike at the heart of one of the basic concerns of [labor]law."); *Miller v. United Parcel Serv., Inc.*, No. CV-22-00848, 2023 WL 5206138, at *1 (D. Ariz.

9

Aug. 14, 2023) (finding plaintiff's allegation that "he was wrongfully terminated in violation of implied in-fact promise of employment and assurances of job security in company personnel manuals or memoranda," involve direct dealing, which is preempted under *Garmon*.").

Accordingly, Motley's claim is dismissed because it is preempted by *Garmon*.[2]

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings, ECF No. 9, is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: December 19, 2024        /s/Terrence G. Berg
                                HON. TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that Motley's claims are preempted by Section 301 of the LMRA and *Garmon*, it will not address UPS's alternative argument that Motley's complaint fails to state a claim for fraudulent misrepresentation.

10